UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Rami Mohammed, <br><br> Plaintiff, <br><br> v. <br><br> Fairway Capital Recovery <br> c/o Matthew Alkaire <br> 11713 Retview Lane <br> Loveland, OH 45150, <br><br> Defendant. | Case No. <br><br><br> **COMPLAINT** <br><br><br> **Jury Demand Requested** |

### JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337, 1367; and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

### PARTIES

3- Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the õDebtö).

4- Plaintiff is a resident of the State of Illinois.

5- Defendant is a corporation with its principal office in the State of Ohio.

6- Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

7- Defendant regularly attempts to collects, or attempts to collect, debts that it acquired after the same were in default.

8- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

## FACTS COMMON TO ALL COUNTS

9- On or around March 20, 2014, Defendant communicated with Plaintiff.

10- During this communication, Plaintiff notified Defendant that he was filing bankruptcy and provided his attorney's contact information to Defendant.

11- On or around March 24, 2014, Plaintiff filed a voluntary bankruptcy petition that included the Debt.

12- Despite having notice Plaintiff's representation, on or around March 25, 2014, Defendant telephoned Plaintiff,

13- On or around March 25, 2014, the Bankruptcy court mailed notice of Plaintiff's bankruptcy petition to Defendant.

14- Despite having notice of Plaintiff's representation and notice of Plaintiff's bankruptcy filing, Defendant telephoned Plaintiff at least 4 more times.

15- Defendant's efforts to collect a debt that was included in a bankruptcy violate 15 U.S.C. §1692e(2). *See Ross v. RJM Acquisitions Funding, LLC,* 480 F.3d 493 (7th Cir. 2007).

16- At the time of this communication, Defendant knew, or should have known, that the Debt was included in an active bankruptcy.

17- Upon information and belief, Defendant does not maintain procedures reasonably adapted to identify consumers that filed bankruptcy or it would have discovered Plaintiff's bankruptcy filing.

18- Defendant damaged Plaintiff.

19- Defendant violated the FDCPA.

## COUNT I

20- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

21- Defendant violated 15 USC §1692c(a)(2) by communicating with a consumer after having notice that the consumer was represented by an attorney.

## COUNT II

22- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

23- Defendant violated 15 USC § 1692e(2) by misrepresenting the character, amount, and/or legal status of the Debt.

## COUNT III

24- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

25- Defendant violated 15 USC § 1692e(10) by using false representations and/or deceptive means to collect, or attempt to collect, the Debt.

## COUNT IV

26- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

27- Defendant violated 15 USC § 1692f by engaging in unfair and/or unconscionable means to collect, or attempt to collect, the Debt.

## COUNT V

28- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

29- Defendant violated 15 USC § 1692e by engaging in false, deceptive, or misleading methods to collect a debt.

## JURY DEMAND

30- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

31- Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Meier LLC

By: */s/ Richard J. Meier*
Richard J. Meier, Esq.
53 W. Jackson Blvd, Suite 304
Chicago, IL 60604
Tel: 312-2424-1849
Fax: 312-242-1841
Richard@meierllc.com
*Attorney for Plaintiff*